VAHAN TAFRALIAN, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Tafralian v. Commissioner
Docket No. 431-89
United States Tax Court
T.C. Memo 1991-33; 1991 Tax Ct. Memo LEXIS 53; 61 T.C.M. (CCH) 1741; T.C.M. (RIA) 91033; January 28, 1991, Filed *53 Decision will be entered under Rule 155. Vahan Tafralian, pro se. Paul Voelker, for the respondent. PATE, Special Trial Judge. PATE
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) of the Code and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's 1986 Federal income tax of $ 2,245. After concessions by petitioner, the only issue for our decision is whether petitioner is entitled to deduct, as a charitable contribution, certain out-of-pocket travel expenses incurred in connection with his church activities. Petitioner resided in Las Vegas, Nevada at the time he filed his petition. During 1986, petitioner was a member of Nichiren Shoshu of America (hereinafter NSA). NSA is an organization consisting of people who are trying to develop their lives through practicing *54 the philosophy of and teachings of Buddhism. The focus of Buddhism is to develop individual lives and enhance the human spirit through self-development. Petitioner has been involved with Buddhist practice for fifteen years. He is a leader in the chapter encompassing Las Vegas. The chapter has approximately 700 members. In July of 1986, petitioner traveled to New York to participate in NSA's salute to the Statute of Liberty. It was a convention lasting approximately three days. While on this trip, petitioner voluntarily assisted NSA photographers. He photographed various persons attending the NSA convention and some of the boats coming into the harbor. While in New York, petitioner shot, in total, twelve to fifteen roles of film. He also assisted the NSA photographer who photographed the fireworks by carrying various pieces of his equipment, driving his vehicle, etc. Several of the photographs that petitioner took were published in the August 1986 issue of Seikyo Times, an issue featuring NSA's 1986 convention in New York. During 1986, petitioner also took two trips to Japan. As chapter leader, he had the responsibility of looking after the chapter members while they were *55 in Japan. This included getting people from one place to another, dealing with problems as they arose, and dealing with Soka Gakkai, the parent organization in Japan. Petitioner was responsible for four adults on his first trip and five on his second trip. Each of the Japanese trips lasted approximately eight days. On these trips, the members attended meetings (generally either in the afternoon or evening), and attended a ceremony at the head temple in Taisekiji. However, during much of the time, no events or meetings were scheduled. On his 1986 income tax return, petitioner deducted $ 7,721 as a charitable contribution to NSA. Respondent disallowed the entire amount in the notice of deficiency. At trial, the parties stipulated that petitioner had substantiated actual payments to or for NSA in the amount of $ 7,862.65. Respondent conceded that petitioner was entitled to deduct $ 3,662.25 of that amount. The balance of $ 4,200 is comprised of the $ 1,000 petitioner paid for his trip to New York, and the $ 3,200 he paid for the two trips to Japan. Section 170 allows a deduction for charitable contributions, payment of which is made within the taxable year. No deduction is *56 allowable under section 170 for a contribution of services. However, unreimbursed expenditures made incident to the rendition of services to a charitable organization may constitute a deductible contribution. Section 1.170A-1(g), Income Tax Regs. Only the taxpayer who incurs the unreimbursed expenditures in connection with rendition of his own services may take the deduction. Davis v. United States, 495 U.S. 472, 109 L. Ed. 2d 457, 110 S. Ct. 2014 (1990). Unreimbursed amounts expended by a taxpayer to enable him to provide his own services to a charitable organization are deductible only if the charitable work is the cause of the payments. Orr v. United States, 343 F.2d 553, 556 (5th Cir. 1965); Smith v. Commissioner, 60 T.C. 988, 992-993 (1973). When the expenditures are incurred in an activity which also benefits the taxpayer personally, a charitable deduction has not been allowed, even though the charity also benefits. Saltzman v. Commissioner, 54 T.C. 722 (1970), and the cases cited therein. Therefore, travel expenditures which include a substantial, direct, personal benefit, in the form of a vacation or other recreational outing, are not deductible. *57 Tate v. Commissioner, 59 T.C. 543 (1973). The burden of proving that such expenditures qualify as charitable contributions rests with petitioner. Seed v. Commissioner, 57 T.C. 265, 274-275 (1971). After consideration of the entire record, we conclude that petitioner has not carried his burden of proving that NSA was the direct beneficiary of his trips to New York and Japan. In fact, much of the evidence leads us to the opposite conclusion, that petitioner went on these trips to personally benefit from the teachings and practice of his religion, and to enjoy the conference and attendant travel. The benefits he provided to NSA were comparatively incidental to his primary goal. In reaching this conclusion, we deemed it material that these trips were offered and open to all members of NSA. The events petitioner attended were no different than those available to all members. Petitioner did not attend these events in any official capacity, but attended, as the others did, for his own personal edification and religious development. Further, petitioner did not participate in any of the events as a speaker, performer, or manager. He did not *58 have any significant duties on these trips which were required by his church or the position he held in his church. His assistance to the NSA photographer in New York was merely perfunctory. Further, although several of the photographs taken in New York were published, we are not convinced that the entire 12 or more rolls of film he shot were strictly for church use. Lastly, it is evident from the schedule of events in Japan that they were planned to consume only a small portion of each day. A considerable amount of free time was available to petitioner to sightsee or pursue whatever personal recreational aspects of his trip appealed to him. There is no evidence that any material amount of his time was spent serving the church. All of these factors lead us to conclude that petitioner's services to NSA were minimal while he was in New York and Japan, and, consequently, the direct benefit of these trips did not accrue to NSA. Accordingly, we hold that petitioner is not entitled to deduct his travel expenses to New York and Japan as a charitable contribution. In view of the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩